**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SHAWN FAULSTICH** | **CIVIL ACTION** |
| **VERSUS** | **NO: 2:26-cv-1304** |
| **TAKE 5 LLC, TAKE 5 PROPERTIES SPV LLC, DRIVEN BRANDS, INC., and JOHN DOE** | **SECTION: "T" (4)** |

## ORDER AND REASONS

Before the Court is **Motion for Leave to File First Supplemental and Amended Complaint (R. Doc. 4)** filed by Plaintiff Shawn Faulstich ("Faulstich") seeking an Order from this Court granting leave to file his First Supplemental and Amended Complaint pursuant to FED. R. CIV. P. 15(a), in order to replace the unknown Defendant, John Doe, with Grace King and Arselle Cameron, employees who were recently identified in Take 5 Properties SPV LLC's discovery responses. R. Doc. 1. The motion is opposed. R. Doc. 8. Faulstich also filed a Reply Memorandum in response to the Defendant's opposition. R. Doc. 11.

### *I. The Original Complaint*

The instant case is a Louisiana state law tort suit for personal injury damages arising out of Plaintiff slipping and falling into an open service bay at the Take 5 Oil Change facility on South Carrollton Avenue in New Orleans on August 20, 2025. R. Doc. 1. On that day, Plaintiff was a customer awaiting service in his truck, which was positioned over an open service bay as directed by the Take 5 employees. *Id.* A Take 5 employee had trouble opening the hood of Plaintiff's truck and told Plaintiff to get out of his vehicle to assist in opening the hood. *Id.*

At the Take 5 employee's direction, Plaintiff exited his vehicle and proceeded to the front of his truck and released the hood hatch, when he slipped on an oily/slippery substance on the floor

of the service bay, causing him to lose his footing and fall violently into the open service well below. *Id.* As a result, Plaintiff sustained serious and debilitating injuries. *Id.*

In October of 2025, Plaintiff filed suit in the Civil District Court for the Parish of Orleans. *Id.* Plaintiff named as Defendants: Take 5 LLC; Take 5 Properties SPV LLC; Driven Brands, Inc.; and John Doe – the employee and/or agent of Take 5 whose identity was unknown at the time of filing. *Id.* John Doe was alleged to be a Louisiana resident. *Id.* Plaintiff asserted that the value of the claim exceeded the requisite threshold for establishing a right to a jury trial. *Id.*

B. ***The Proposed Amended Complaint***

In his proposed amended pleading, Faulstich seeks to allege that the incident and his injuries and damages were caused by Take 5 Properties SPV LLC, Grace King ("King"), and Arselle Cameron ("Cameron"). R. Doc. 4-3 ¶ VIII. Faulstich seeks to allege that King and Cameron knew that there was an open service bay prior to and at the time they instructed him to get out of his vehicle to assist with opening the hood. *Id.* Faulstich seeks to allege that King and Cameron should have known that it was unsafe and contrary to established safety protocols to direct a customer to exit their vehicle while it is positioned over an open service bay, yet negligently instructed Faulstich to do so and enter a hazardous work area. *Id.*

Faulstich seek to allege that King and Cameron were working their scheduled shift at the Take 5 Oil Change facility located on S. Carrollton and were performing their jobs. *Id.* Plaintiff seeks to allege that Take 5 exercised control and supervision over King and Cameron's work activities, provided them with training and instruction regarding customer service procedures, and compensated them for their services. *Id.*

## ***II. The Subject Motion***

Faulstich seeks to identify the employees who are allegedly responsible for the incident resulting in his injuries. *Id.* He seeks to name Grace King and Arselle Cameron, both of whom were identified in Take 5 Properties SPV LLC's discovery responses. *Id.* Plaintiff indicates in the subject motion that he checked with Defendants, who had no objection to the filing of the proposed amended complaint. *Id.*

The Defendants oppose the motion and note that after receipt of Take 5 SPV's discovery responses, Plaintiff modified the allegations in Paragraph XI to now collectively assert claims against Grace King, Arselle Cameron, and Take 5 SPV that focused less on the slippery substance and focus on the open and obvious oil change pit in the floor of shop. *See* R. Doc. 4-3; R. Doc. 8.

Defendants contend that Plaintiff includes allegations that the employees' conduct occurred in the "course and scope of their employment and agency relationship with Take 5 SPV," and as such, Take 5 SPV is liable for their actions under the theory of respondeat superior. R. Doc. 8; R. Doc. 4-3 at ¶ XVII. Defendants suggest that the proposed amendment is designed to defeat diversity because their consent to the filing of the complaint occurred in April 2026 when the matter remained pending in state court. *Id.* Despite their consent to the filing of the complaint, the proposed complaint was not filed until June 17, 2026, the same date that Defendants removed the proceeding to this court. *Id.* On July 15, 2026, Faulstich filed a the instant motion and a Motion to Remand. *Id.*

## ***III. Legal Standard***

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings and provides that leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15(a)(2). Rule 15 and other federal rules "reject the approach that pleading is a game of skill in

which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

Thus, Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). Leave to amend is by no means automatic. *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). However, the decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court. *Id.*

However, if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder or permit joinder and remand the action to the State court. 28 U.S.C. § 1447(e); accord *Powerex v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 232-33 (2007); *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171-72 (5th Cir. 2009); *Perry v. Hartford Ins. Co.*, 196 F. Supp. 2d 447, 449 (E.D. Tex. 2002). When faced with an amended pleading naming a new, nondiverse defendant in a removed case, the district court "should scrutinize that amendment more closely than an ordinary amendment." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987), *cert. denied*, 493 U.S. 851 (1989); accord *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 185 (5th Cir. 2018); *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 679 (5th Cir.), *cert. denied*, 571 U.S. 941 (2013); *LJH, Ltd. v. Comerica Inc.*, 2016 WL 69912, at *1 (E.D. Tex. Jan. 6, 2016). "In this situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Hensgens*, 833 F.2d at 1182; accord *Priester,* 708 F.3d at 679. Nevertheless, "[w]hen an amendment would destroy jurisdiction, most authorities agree that leave should be denied unless there exist strong equities in its favor."

*LJH, Ltd.*, 2016 WL 69912, at *1 (quoting *Whitworth v. TNT Bestway Transp. Inc.*, 914 F. Supp. 1434, 1435 (E.D. Tex. 1996)).

## IV. Analysis

Faulstich filed the subject motion contending that he seeks to name the previously identified John Doe as Grace King and Arselle Cameron, both employees for TAKE 5 LLC who were working at the time of the incident. R. Doc. 4. Faulstich contends that he did not know of non-diverse Defendants' names when he filed his state court petition. *Id.* Faulstich alleges that he has stated a negligence claim for which King and/or Cameron could be personally liable. *Id.* Faulstich alleges that his motion is not dilatory and that he would be significantly injured by denial of amendment. *Id.* Faulstich also contends that if the motion is denied that he will be forced to maintain parallel lawsuits arising out of the same set of facts in both state and federal courts. *Id.*

Defendants contend that Faulstich's proposed amendment is designed to defeat jurisdiction because Defendants further contend that the proposal does not plausibly state a valid claim against the nondiverse defendants. R. Doc. 8. Defendants contend that Plaintiff knew of the existence of the employees before suit was filed, learned their identities in April 2026, and asked a month later whether Defendants would consent to the filing of the amended petition naming the employees but did not file it until after the case was removed to this Court on June 17, 2026. *Id.* Defendants contend that without actual personal liability for the non-diverse defendant employees, Plaintiff is attempting to avoid federal jurisdiction while maintaining the benefit of vicarious liability. *Id.*

The Fifth Circuit has indicated that a district court should evaluate the following factors when determining whether to permit joinder of a nondiverse defendant in a removed case: (1) whether the primary purpose of the amendment is to defeat diversity jurisdiction; (2) whether the plaintiff was diligent in requesting amendment; (3) whether the plaintiff will be prejudiced if

amendment is denied; (4) and "any other factors bearing on the equities." *Hensgens*, 833 F.2d at 1182; accord *Allen*, 907 F.3d at 185; *Moore v. Mans*, 732 F.3d 454, 456 (5th Cir. 2013); *Priester*, 708 F.3d at 679. These factors are commonly referred to as the "Hensgens factors."

Although *Hensgens* was decided prior to the enactment of § 1447(e), the Fifth Circuit has held that district courts should continue to apply the *Hensgens* factors. *Wilson v. Bruks-Klockner, Inc.*, 602 F.3d 363, 368 (5th Cir. 2010) (stating that "[w]hen a plaintiff seeks to add a non-diverse defendant whose joinder would defeat diversity jurisdiction, the district court must consider the *Hensgens* factors."); *see Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999) (noting that "§ 1447(e), adopted after [the Fifth Circuit] decided *Hensgens*, is a codification of *Hensgens*'s holding."). Consequently, joinder of a nondiverse defendant after removal is controlled by 28 U.S.C. § 1447(e) and the *Hensgens* factors, not Rule 15 of the Federal Rules of Civil Procedure. *Respco, LLC v. Wells Fargo USA Holdings, Inc.*, 2018 WL 7350766, at *2 (W.D. Tex. Nov. 26, 2018) (citing *Priester*, 708 F.3d at 679); *Anzures v. Prologis Tex. I LLC*, 886 F. Supp. 2d 555, 562 (W.D. Tex. 2012); *Smith v. Robin Am., Inc.*, 2009 WL 2485589, at *4 (S.D. Tex. Aug. 7, 2009), *aff'd*, 484 F.App'x 908 (5th Cir. 2012); *Whitworth*, 914 F. Supp. at 1435; *see* 6 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE § 1477 (3d ed. 2010) ("[A] party may not employ Rule 15(a) to interpose an amendment that would deprive the district court of jurisdiction over a removed action."). If, after considering the *Hensgens* factors, the district court permits joinder of a nondiverse defendant, it must remand the case back to state court. *Cobb*, 186 F.3d at 677 (citing 28 U.S.C. § 1447(e)); *Gill v. Michelin N. Am., Inc.*, 3 F. Supp. 3d 579, 583 (W. D. Tex. 2013).

In *Doleac ex rel. Doleac v. Michalson,* the Fifth Circuit held § 1447(e) encompasses both an addition of a defendant and an identification of a John Doe within the meaning of the word

"join." 264 F.3d 470, 477 (5th Cir. 2001). If a non-diverse John Doe defendant is identified and substituted for John Doe, the Court must remand the action to state court. *See id.*

In this case, the original petition identified the John Doe Defendants, but the Plaintiff delayed amending the complaint while the matter was pending in state court. Fifth Circuit law provides that identifying the John Does by amendment when they are residents of Louisiana destroys diversity jurisdiction. *See Doleac*, 264 F.3d at 479 (where the court held that an amended complaint adding a non-diverse defendant defeated jurisdiction regardless of whether the new defendant had been as a party or substituted for one of John Doe defendants named in the original complaint.).

Notably, Faulstich's intent to return to state court is evident from the record because he filed the subject motion on the same date as the motion to remand. *See* R. Doc. 4 (Motion for Leave to File First Supplemental and Amended Complaint filed on 07/15/26); *see also* R. Doc. 5 (Motion to Remand to State Court filed on 07/15/26).

Further, because the proposed complaint contends that the employees were negligent, Take 5 would be responsible for their conduct and the only reason for seeking the amended complaint would be to destroy diversity jurisdiction. *See* R. Doc. 4-4 (Proposed Amended Complaint) at ¶ VIII-XI. Given that the claims of negligence by the employees would be borne by their employer, Faulstich's proposed amendment would be futile. *See Dennis v. Collins*, 2016 WL 6637973, at *8 (W.D. La. Nov. 9, 2016); *see also Pigott v. Heath*, 2020 WL 564958, at *4 (E.D. La. Feb. 5, 2020).

Neither would the Plaintiff be prejudiced by the denial of the subject motion because neither of the employees would be subject to personal liability for the allegations in the proposed complaint as the employer would be vicariously liable if the allegations made against them are

true. Further, the Court finds that the almost two month delay in seeking the amendment and the timing of the proposed amendment only after the case was removed to federal court is most suggestive of a tactical delay and Faulstich has not provided an explanation for the period of delay.

## V. Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff Faulstich's **Motion for Leave to File First Amended Complaint (R. Doc. 4)** is **DENIED**.

New Orleans, Louisiana, this 16th day of November 2026.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**